[Civ. No. 7106. First Appellate District, Division Two.—November 5, 1929.]

UNITED STATES GUARDIAN CORPORATION (a Corporation), Appellant, v. L. O. FOREMAN, Respondent.

Harold F. Shepherd, Herndon J. Norris and B. L. Hoyt for Appellant.

Stick, Moerdyke & Gibson and John C. Stick for Respondent.

STURTEVANT, J.—The plaintiff commenced an action on a promissory note. It made a corporation the maker, and two individuals as indorsers parties defendant. L. O. Foreman, one of the indorsers, was served and appeared and answered and a trial was had in the trial court before the court sitting without a jury. The trial court made findings in favor of the defendant, and from a judgment entered thereon the plaintiff has appealed and has brought up a bill of exceptions.

The plaintiff contends that the trial court erred in making a finding that an alteration appearing on the face of the note was not authorized or assented to by the defend-

ant. That the alteration was made is not disputed. The trial court made a finding that the alteration was made but did not make a finding that the alteration was in a material respect. The defendant has not appealed. The plaintiff contends that the finding as made is not sustained by the evidence. Even though it is not sustained by the evidence, the finding as made does not constitute a defense, and therefore it is immaterial.

■ The trial court found that ''It is not true that on September 25, 1925, or at any other time, defendant L. O. Foreman paid upon the principal of said note the sum of $5,000, or any other sum, or paid any sum whatsoever upon principal, interest, or any other account with respect to said note.'' The plaintiff contends the finding is not supported by the evidence. The note was made by the Cox-Klemin Aircraft Corporation to raise money to finance its business. The note was written payable to the maker. Later it was indorsed by the maker, and also by L. Charles Cox and by the defendant L. O. Foreman. It was indorsed by the individuals for the accommodation of the maker. The defendant alleged that he had never been served with notice of dishonor or protest. The plaintiff admits the defendant was not served, but claims that said notice was waived, and in this behalf it asserts that after the action was commenced the defendant Foreman paid $5,000 on the amount alleged to be due on the note, and that such act constituted a waiver. The defendant replies that he did not make nor authorize the making of the payment. From the record before us it is an undisputed fact that the payment was made by C. G. Bond. He made the payment by delivering to the plaintiff the check of Lee, Smyth & Wise, a firm of attorneys of whom he was the representative. The evidence does not show that said firm were the attorneys of the defendant, nor that they were his general agents, nor that they held any authority from him except as stated below. The principal debtor, as we have stated, was Cox-Klemin Aircraft Corporation. There was evidence that Mr. Cox, an officer of that corporation, caused the payment to be made and, furthermore, that he promised to pay the balance of the note. There was evidence that Lee, Smyth & Wise were the attorneys of the Cox-Klemin Aircraft Corporation.

Under these circumstances we cannot say that the plaintiff has sustained the burden of proof resting on it. The trial court did not err in making the finding complained of.

At about the time the note was dated the defendant was in New York. He was a stockholder in the Cox-Klemin Aircraft Corporation. That corporation was in need of financial assistance. The defendant had theretofore indorsed notes to accommodate the corporation. Some of those notes were falling due, therefore some new notes were written and signed and were delivered into the hands of Lee, Smyth & Wise to be by that firm delivered in accordance with instructions thereafter to be issued by the defendant Foreman. Thereafter Mr. Foreman wired Lee, Smyth & Wise "to turn over to Captain Cox $45,000 worth of notes which you now have bearing my indorsement for the express purpose of being discounted at the Bank of the United States. Proceeds to be used to take up notes as follows: 30,000 United States Guardian Company and American Trust Company and Seventh Avenue National. All notes taken up must bear my personal endorsement to be forwarded to me here together with certificate of deposit for $15,000 to be held by me which is to cover cash balance left there per Cox wire. Wire me when Guardian is paid also any other information." Except as stated in this paragraph there is no evidence that Lee, Smyth & Wise in any way had authority to represent the defendant. Neither is there any evidence that the money received from discounting the notes was subject to the order of any person except Cox-Klemin Aircraft Corporation.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.